```
                                            ✓ Priority
                FILED                       ✓ Send
          CLERK, U.S. DISTRICT COURT        ✓ Clsd
                                            ✓ Enter
              NOV 20 2006                   WO JS-5/JS-6
                                               JS-2/JS-3
          CENTRAL DISTRICT OF CALIFORNIA       Scan Only
          BY              DEPUTY
```

```
                    ENTERED
              CLERK, U.S. DISTRICT COURT

                  NOV 21 2006

          CENTRAL DISTRICT OF CALIFORNIA
          BY                    DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., | Case No. CV 06-00817 DDP (JWJx) |
| Plaintiff, | **ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | [Motion filed on September 21, 2006] |
| SHIRLENE THIEN, and Does 1 - 10, inclusive, | |
| Defendants. | |

This matter is before the Court on the third-party defendant's motion for protective order restricting the location for the taking of his deposition. After reviewing the papers submitted by the third-party defendant and the third-party plaintiff, the Court grants the motion.

I.  **BACKGROUND**

Plaintiff Columbia Pictures Industries, Inc. ("Columbia") brings this action against Defendant Lee-Nyun Thien aka Shirlene Thien ("Thien") for copyright infringement. Columbia alleges that Thien has sold and distributed unauthorized copies of motion picture DVDs owned by the company through eBay.

Thien filed an answer to Columbia's complaint, and also filed a third-party complaint for indemnification against Third Party Defendant Seong Teik Chuah ("Chuah"). Thien alleges that Chuah could not collect payments for DVDs that he sold online because PayPal suspended his account. Therefore, Thien agreed to receive the payments in exchange for a fee. Upon receiving the payments, Thien deposited the money into Chuah's bank account in Texas. Thien assisted Chuah based upon his representation that the DVDs were legitimate copies. Accordingly, Thien alleges, Chuah is responsible for any damages associated with the alleged infringing acts. Chuah moved to dismiss the third party complaint for lack of personal jurisdiction, or, in the alternative, for failure to state a claim. On August 28, 2006, finding that this Court has specific jurisdiction over Chuah and that Thien has adequately pled an indemnification claim, this Court denied Chuah's motion to dismiss.

On September 12, 2006, Thien issued a Notice of Deposition and Request for Production upon Chuah scheduling the deposition for October 12, 2006, in Los Angeles, California. Chuah, however, lives in Texas, and thus, moves the Court for a protective order restricting the location of the taking of his deposition to Texas.

## II. DISCUSSION

### A. Legal Standard

#### 1. Fed. R. Civ. P. Rule 26(c) Motion for a Protective Order

A party may object to a noticed deposition by filing a motion for a protective order. Upon such a motion, a court "may make any order which justice requires to protect a party or person from

annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). This includes a court order "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." Id. Thus, a protective order may be obtained as to the location of the taking of a deposition.

The party seeking a protective order has the burden of showing that "good cause" for the order exists. Fed. R. Civ. P. 26(c)); Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

2. Place of Deposition

The deposition of a party may be noticed wherever the deposing party designates, subject to a court's power to grant a protective order. Turner v. Prudential Ins. Co. of Am., 119 F.R.D. 381, 383 (M.D. N.C. 1998) (citing C. Wright & A. Miller, *Federal Practice and Procedure* § 212 at 403 (1970)). However, there is a presumption that the place of depositions is where the deponent resides. Mill-Run Tours, Inc. v. M. Khashoggi, 124 F.R.D. 547, 550 (S.D. N.Y. 1989). Thus, "in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." Farquhar v. Shelden, 116 F.R.D. 70, 72 (D. Mich. 1987); United States v. $160,066.98 from Bank of America, 202 F.R.D. 624, 627 (S.D. Cal. 2001); Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); ; Dunn v. Standard Fire Insurance Co., 92 F.R.D. 31 (E.D. Tenn. 1981). This rule applies even when the deponent is a defendant in the action. Clairmont, 2004 U.S. Dist. LEXIS 20784 at *2; Farquhar, 116 F.R.D. at 72; see also Metrex Research Corp. v. United States, 151 F.R.D.

122, 125 (D. Colo. 1993)("In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party.")(quoting General Leasing Co. v. Lawrence Photographic Supply, 84 F.R.D. 130, 131 (W.D. Mo. 1979)).

This rule is generally understood to be based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum; whereas the defendant is not before the court by choice. Farquhar, 116 F.R.D. at 72 (citing Work v. Bier, 107 F.R.D. 789, 792 (D.C. 1985). Further, in deciding on a motion for protective order, the court may also consider the convenience of the parties and relative hardships in attending at the location designated. U.S. v. $60,066.98 from Bank of America, 202 F.R.D. 624, 626 (S.D. Cal. 2001).

B. Analysis

Chuah currently resides in Texas, thus, under the general rule, the proper place for the his deposition is Texas. Thien, however, chose to notice the taking of Chuah's deposition in California, rather than Texas. Therefore, special circumstances must be presented in order to overcome the general rule and to warrant holding the deposition in California.

Chuah claims that he is of "extremely limited means" and argues that forcing him to come to Los Angeles would impose a serious financial hardship and undue burden on him. He claims that what while it would cost him $1,000 to be deposed in Texas, it will

cost him $5,000 to be deposed in Los Angeles - a three day imposition as opposed to a one day inconvenience.

Thien argues that her overall position in this action is akin to that of a defendant, as her third-party complaint against Chuah is only for indemnity against Columbia's claims. Consequently, she argues that "she is not before the Court by choice and should not be subject to the general rule that plaintiffs may be required to take discovery at great distances from the forum." Thien also argues that since Chuah has local counsel in Los Angeles (as well as Thien and Columbia), it would be more economical for Chuah to travel to Los Angeles than for Thien and Columbia to travel to Texas. Thien also claims that she cannot afford to send her counsel to Texas to take Chuah's deposition. Lastly, Thien also notes that Chuah has "left Texas and has returned to Malaysia."

The Court recognizes Thien's position as the defendant in the underlying action as well as the fact that Thien did not choose the forum of this litigation. However, at most, this fact merely places Thien on an equal footing with Chuah, a defendant to the third-party complaint. Thus, special circumstances are still required to override the general rule that the "deposing party" should be required to take the deposition at a location in the vicinity in which the deponent resides.

The presence of one Chuah's attorneys in Los Angeles, as well as Thien's unfortunate inability to pay for her own counsel to fly to Texas, does not rise to the leave of special circumstances which would require Chuah to have to travel to Los Angeles for his deposition to be taken. Lastly, Thien's claim that Chuah has "left Texas and has returned to Malaysia" is equally unavailing. First,

the duration of Chuah's absence from Texas is unclear. Furthermore, Chuah would be required to return from Malaysia for his deposition whether it be taken in Los Angeles or Texas.

## III. Conclusion

For the foregoing reasons, the Court grants Chuah's motion for a protective order regarding the place of his deposition. The noticed deposition of Chuah scheduled to take place in Los Angeles, California on October 12, 2006, is, therefore, quashed. The Court orders that the deposition of Chuah be noticed and proceed at a date and time convenient to all parties in Chuah's state of residence, Texas.

IT IS SO ORDERED.

Dated: 11-20-06

DEAN D. PREGERSON
United States District Judge